DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Washington County Court of Common Pleas, which found Defendant-Appellant Donald Barth to be a sexual predator. Appellant argues that the trial court erred in failing to find Ohio's sexual predator statute, R.C. Chapter 2950, to be unconstitutional. We affirm the judgment of the trial court.
On May 20, 1992, appellant was convicted of two counts of rape, one count of aggravated burglary, and one count of attempted rape. On September 13, 1992, the trial court sentenced appellant to an aggregate term of five to twenty-five years in prison.
On July 23, 1999, the trial court held a hearing pursuant to R.C. 2950.09
to determine whether appellant should be classified as a sexual predator. On August 2, 1999, the trial court filed a journal entry ordering that appellant be classified as a sexual predator. Appellant filed a timely notice of appeal and presents five assignments of error for our review.
FIRST ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED, IN VIOLATION OF THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION, IN FINDING MR. BARTH TO BE A SEXUAL PREDATOR.
 SECOND ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED, IN VIOLATION OF THE CRUEL AND UNUSUAL PUNISHMENT CLAUSES OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 9, ARTICLE I OF THE OHIO CONSTITUTION, IN FINDING MR. BARTH TO BE A SEXUAL PREDATOR.
 THIRD ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED, IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSES OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, IN FINDING MR. BARTH TO BE A SEXUAL PREDATOR.
 FOURTH ASSIGNMENT OF ERROR:
 R.C. CHAPTER 2950, AS AMENDED BY H.B. 180, PROVIDES NO GUIDANCE AS TO HOW THE FACTORS IN R.C. 2950.09(B)(2) ARE TO BE CONSIDERED AND WEIGHED, RENDERING THE LAW VAGUE, IN VIOLATION OF THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
 FIFTH ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED, IN VIOLATION OF SECTION 1, ARTICLE I OF THE OHIO CONSTITUTION, IN FINDING MR. BARTH TO BE A SEXUAL PREDATOR, BECAUSE OHIO'S SEXUAL PREDATOR LAW IS AN INVALID EXERCISE OF THE POLICE POWER AND DEPRIVES INDIVIDUALS OF THEIR INALIENABLE AND NATURAL-LAW RIGHTS.
All of appellant's constitutional arguments have been considered and rejected by either the Supreme Court of Ohio or this court. See State v.Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570; State v. Williams
(2000), 88 Ohio St.3d 513, 728 N.E.2d 342; State v. Howell (Sept. 28, 2000), Adams App. No. 99CA679, unreported. Indeed, appellant's brief, which was filed before Williams was released, concedes that Williams is dispositive of his constitutional arguments. Thus, for the reasons stated below, we overrule appellant's assignments of error and affirm the judgment of the trial court.
 I.
In his First Assignment of Error, appellant argues that Ohio's sexual predator classification scheme, set forth in R.C. Chapter 2950, violates the Ex Post Facto Clause of the United States Constitution. The Supreme Court of Ohio rejected this same argument in Cook, supra, and found R.C Chapter 2950 to be constitutional. Pursuant to Cook, appellant's First Assignment of Error is OVERRULED.
 II.
In his Second Assignment of Error, appellant argues that classifying an individual as a sexual predator constitutes cruel and unusual punishment, in violation of Section 9, Article I, Ohio Constitution, and the Eighth Amendment to the United States Constitution. The Supreme Court of Ohio has not specifically addressed the Eighth Amendment issue with respect to sexual predator classifications. However, the Cook court conducted an extensive analysis of the potential punitive effects of R.C. Chapter 2950 and found the statute to be remedial rather than criminal in nature. Given that the sexual predator classification scheme does not impose criminal punishment, we have previously determined that it does not constitute cruel and unusual punishment. See State v. Howell
(Sept. 28, 2000), Adams App. No. 99CA679, unreported, citing State v.White (Nov. 5, 1999), Miami App. No 98-CA-37, unreported.
Accordingly, appellant's Second Assignment of Error is OVERRULED.
 III.
In his Third, Fourth, and Fifth Assignments of Error, appellant argues: (1) that R.C. Chapter 2950 violates the Double Jeopardy Clauses of the Ohio and United States Constitutions; (2) that R.C. 2950.09(B)(2) is unconstitutionally vague; and (3) that the sexual predator classification deprives individuals of "inalienable and natural law rights," in violation of Section 1, Article I, Ohio Constitution. The Supreme Court of Ohio rejected all of these arguments and found R.C. Chapter 2950 to be constitutional in Williams, supra. Pursuant toWilliams, appellant's Third, Fourth, and Fifth Assignments of Error are OVERRULED.
The judgment of the Washington County Court of Common Pleas is AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
A certified copy of the entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Kline, J.: Concur in Judgment and Opinion.
 ___________________________ David T. Evans, Judge